IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| vs. | ) CRIMINAL ACTION: 1:19-00279-KD-B-1 |
| | ) |
| **CARLIS LEVELL HOWARD,** | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on Defendant Carlis Levell Howard's Motion to Return Property per to Fed.R.Crim.P Rule 41(g) (Doc. 48) and the Government's opposition (Doc. 54).[1]

Specifically, Defendant Howard moves for the Government to release and return two (2) cell phones (an IPhone 12 promax and a Galaxy Note 8) arguing: the phones belong to him such that he has a possessory interest; the phones are not illegal property to possess; the phones hold no evidentiary value so the Government has no need for the property as evidence in his case; and the Government did not list the phones in discovery as seized items such that they lack a legitimate reason for retaining the property. (Doc. 48 at 1-2).  In response, the Government opposes Defendant Howard's motion and asserts that the phones will be evidence in its case in chief against him because the phones "contain[] data and pictures that will be offered at trial as evidence of Howard's drug crimes. Thus, both phones contain items of evidentiary value and the United States has a legitimate reason to retain them pending trial." (Doc. 54 at 1).  As such, the Government argues that it has a continuing need for the phones as evidence in this case. (Id.)  The Government adds that it plans to return the phones to Defendant Howard after trial: "[a]ter the evidence is admitted at trial, the United States will request that a photo of the cell phones be admitted in place of the actual phones. Thereafter, the phones will be returned to Howard." (Id. at 2).

Rule 41(g) of the Federal Rules of Criminal Procedure provides: "[a] person aggrieved by an

---

[1] Defendant Howard's motion was filed before trial, while his criminal proceedings are pending.

1

unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion." Additionally, "[i]f a motion for return of property is made while a criminal prosecution is pending, the burden is on the movant to show that he ... is entitled to the property.'' United States v. Oduu, 564 Fed. Appx. 127, 130 (5th Cir. 2014) (per curiam) (unpublished) (citing United States v. Chambers, 192 F.3d 374, 377 (3rd Cir.1999)). "[A] Rule 41(g) motion is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture, or the government's need for the property as evidence continues." United States v. Garcon, 406 Fed. Appx. 366, 369 (11th Cir. 2010) (per curiam) (unpublished) (quoting United States v. Pierre, 484 F.3d 75, 87 (1st Cir. 2007)).  See also United States v. McCray, 2017 WL 9472888, *14 at n.17 (N.D. Ga. June 15, 2017), Report & Recommendation *adopted by* 2017 WL 3141172, *14 (N.D. Ga. Jul. 25, 2017) (quoting Ferreira v. United States, 354 F. Supp. 2d 406, 409 (S.D.N.Y. 2005)) ("[t]o prevail ... 'a criminal defendant must demonstrate that (1) he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended[]'").

Upon consideration, Defendant Howard has failed to satisfy his Rule 41(g) burden. The Government asserts that the need for the property as evidence in this case continues. Defendant Howard has failed to demonstrate that the Government's need for the property as evidence has ended. Accordingly, it is **ORDERED** that Defendant Howard's Rule 41(g) Motion to Return Property (Doc. 48) is **DENIED.**

**DONE** and **ORDERED** this the **14th** day of **September 2021.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**