IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 19-00279-KD-B |
| | ) |
| CARLIS LEVELL HOWARD, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Defendant Carlis Levell Howard's "motion for consideration for a sentence reduction pursuant to [18 U.S.C. §] 3582(c)(1)(a)ii" based upon "family circumstances/caregiver of mother under amendments showing extraordinary And compelling reasons for release" and documents in support (doc. 96). Upon consideration, and for the reasons set forth herein, the motion is DENIED.

I. Background

In July 2021, Howard was charged in an eight-count second superseding indictment with multiple controlled substances and firearms offenses. He pled guilty to Count One charging possession with intent to distribute marijuana, Counts Five and Eight charging possession of a firearm in furtherance of a drug trafficking offense, and Count Six charging conspiracy to distribute marijuana. Howard was sentenced to serve one-month, concurrent, for the drug trafficking convictions, sixty-months each for the firearms conviction, to be served consecutive to the one-month sentence and consecutive to each for a total term of 121 months.

At the time Howard committed these offenses, he was serving a term of supervised release for a prior conviction for felon in possession of firearm. See United States v. Howard, Criminal Action No. 09-CR-00205-CG (S.D. Ala. 2009). His supervision was revoked, and he was

sentenced to serve one-month concurrent with the one-month sentence in this action (Id, at doc. 79). According to the Indictment, Howard had three prior felony convictions (Id., at doc. 1).

Howard is now forty years old. His estimated release date is January 27, 2030. He is incarcerated at FCI Talladega in Talladega, Alabama.

II.    Procedural requirements

Pursuant to 18 U.S.C. § 3582(c)(1)(A), defendants must either exhaust their administrative rights to appeal the Bureau of Prison's failure to bring a motion on their behalf or allow 30 days to lapse from the Warden's receipt of defendant's request for such relief. Howard does not allege that he meets either of the statutory prerequisites for consideration of his motion. Therefore, the Court may dismiss his motion for failure to show that he meets these statutory prerequisites.

However, the Court will consider his motion. The Court of Appeals for the Eleventh Circuit has held that the exhaustion requirement is not a jurisdictional rule, but rather a claim processing rule which is "mandatory, in the sense that a court must enforce the rule if a party properly raises it[.]" United States v. Harris, 989 F.3d 908, 910 (11th Cir. 2021).

III. Modification of sentence

"A district court has no inherent authority to modify a defendant's sentence; it may do so 'only when authorized by a statute or rule.'" United States v. Ratliff, No. 24-10752, 2024 WL 4371658, at *3 (11th Cir. Oct. 2, 2024) (quoting United States v. Puentes, 803 F.3d 597, 605–06 (11th Cir. 2015). Title 18 U.S.C. § 3582(c)(1)(A)[1] "authorizes a district court to reduce a term of imprisonment when three requirements are satisfied: (1) there are 'extraordinary and compelling reasons' for granting a sentence reduction; (2) 'the § 3553(a) sentencing factors favor' a reduction;

---

[1] Not relevant in this action, the statute also provides for a reduction of sentence for defendants who are at least 70 years old and have served at least 30 years in prison "pursuant to a sentence imposed under section 3559(c)" and certain other conditions are met. 18 U.S.C. § 3582(c)(1)(A)(ii).

and (3) awarding a sentence reduction 'wouldn't endanger any person or the community'." Id. (quoting United States v. Tinker, 14 F.4th 1234, 1237 (11th Cir. 2021).  "If the district court finds that a movant failed to satisfy even one of these requirements, it cannot grant relief and need not analyze the remaining requirements." Ratliff, 2024 WL 4372658 at *3 (citing United States v. Giron, 15 F.4th 1343, 1347–48 (11th Cir. 2021).

   "Extraordinary and compelling reasons" are not defined in the statute. 18 U.S.C. § 3582(c)(1)(A).  Instead, Congress gave the Sentencing Commission the duty to promulgate general policy statements regarding sentence modifications pursuant to 18 U.S.C. § 3582(c)(1)(A) and stated that the Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t).  Also, 18 U.S.C. § § 3582(c)(1)(A) requires that any reduction in sentence must be "consistent with applicable policy statements issued by the Sentencing Commission." The applicable Policy Statement is found at U.S.S.G. § 1B1.13 (effective November 1, 2023).

As an extraordinary and compelling reason for a reduction of sentence, Howard argues that his mother is incapacitated, and he is the only child who can care for her.  The Policy Statement provides that an extraordinary and compelling reason for a reduction of sentence exists when the defendant's parent is incapacitated and the "defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(c).  Thus, a reduction of sentence for this reason would be consistent with the Policy Statement.

However, Howard does not appear to be the only child who is available to care for his mother.  Howard submitted a Proposed Release Plan wherein he states his 43-year-old brother currently lives with their mother (doc. 96-1).  Thus, his brother appears to be an available caregiver. Howard also submits a letter from his sister wherein she writes that the family cannot afford to place their mother in a retirement home and it's a "bit much trying to maintain everything being that

me and my other siblings have kids and our households to maintain" (doc. 96-2, p. 1). She states that Howard "does not have any kids and he's the only option we have to take full responsibility for the care of our mother." (Id.). According to the Presentence Investigation Report, Howard has two full siblings and two half siblings. In other words, there may be four siblings available to care for their mother, including the brother who currently lives with her.

Since Howard does not appear to be the only person who can care for his incapacitated mother, he has failed to establish an extraordinary and compelling reason for a reduction of sentence. Since no extraordinary and compelling reason exists, the Court need not address whether the sentencing factors in 18 U.S.C. § 3553(a) weigh in favor of a reduction in sentence or consider the factors in 18 U.S.C. § 3142(g) to determine whether Howard's early release would create a danger to the community. See United States v. Giron, 15 F. 4th 1343, 1347 (11th Cir. 2021) ("When denying a request for compassionate release, a district court need not analyze the § 3553(a) factors if it finds either that no extraordinary and compelling reason exists or that the defendant is a danger to the public.").

DONE and ORDERED this the 18th day of February 2025.

                                      s / Kristi K. DuBose
                                      **KRISTI K. DuBOSE**
                                      **UNITED STATES DISTRICT JUDGE**